JOHN KINNEY v. C. E. KINNEY AND LOUISA KINNEY, Appellants.

Cancellation of Deed: PRACTICE. A mother deeded to one son. She began a suit to set deed aside. Without authority from the mother a second son compromised the suit with the first by paying consideration and taking a warranty deed from the son

1 grantee. *Held*, in a suit by the mother to set aside the second deed, wherein she offers to repay said consideration, the first son is not a proper party. The deed may be set aside without proof

2 of fraud if said settlement was made without plaintiff's consent.

Substitution on Appeal upon suggestion of plaintiff's death, will not

3 be ordered, where, if made, it cannot change the result of the appeal.

*Appeal from Hardin District Court.*—HON. D. R. HIND-MAN, Judge.

WEDNESDAY, MAY 22, 1895.

This is a suit in equity, involving the title to a forty-acre farm. There was a decree for the plaintiff, and the defendants appeal.—*Affirmed.*

*Huff & Ward* for appellants.

*M. J. Furry* and *C. E. Albrook* for appellee.

Rothrock, J.—I. This suit was commenced in the month of July, 1893, and at that time the plaintiff was the widow of John W. Kinney, who died in the year 1888. The only property of any consequence which remained to the plaintiff after the death of her husband was a forty-acre homestead, upon which she and her husband had resided for many years. They had two sons, who were then, and are now, owners of large farms in the same neighborhood. The residence of one

of them is within half a mile and the other about one mile from the old homestead. The plaintiff was far advanced in years, and in very feeble health, when her husband died. Her deposition was taken in this case in December, 1893, and she testified that she was then seventy-eight years old. She remained on the old homestead for a time after her husband's death. A grandson lived with her, managed the little farm, and rented other land, and aided in doing the household work. On the ninth day of July, 1890, she made a conveyance of the homestead to her son C. J. Kinney, for which the son gave her a contract for her support during her life. She took up her abode with the son, where she remained some months, when she abandoned his home, and went to the home of her other son, Clark E. Kinney, and a suit was commenced to set aside the deed to C. J. Kinney. After the plaintiff's evidence in the form of depositions was taken in that suit, the parties met to take depositions of witnesses in behalf of the defendant. The plaintiff was not present at that time, but was represented in a general way by the defendant herein, her son Clark E. Kinney, with whom she was then living. A settlement was had, by which C. J. Kinney conveyed the land to Clark E. Kinney, who paid, or agreed to pay, the sum of nearly five hundred dollars, and he assumed the obligation to support the plaintiff. This settlement was repudiated by the plaintiff. The conveyance by one brother to the other was by deed of general warranty, and the date of the settlement was March 29, 1893. The plaintiff remained at the home of the defendant herein but a short time, when she returned to the home of C. J. Kinney, and on the eighteenth day of July, 1893, she commenced this action against the defendant, in which she charged that the settlement and conveyance was effected without her consent, and by the fraudulent connivance of

her attorney and the defendant. The defendant filed a cross-petition against C. J. Kinney, in which he set up certain charges and allegations against him, and demanded that the whole controversy between the mother and her two sons be adjusted and determined in one action. C. J. Kinney demurred to the cross-petition, and the demurrer was sustained. We do not think it is necessary to set out this cross bill. The only question presented by the demurrer was that the cross bill did not allege facts sufficient to entitle the defendant to the relief demanded. The ruling of the court upon the demurrer was clearly correct. C. J. Kinney was neither a proper nor necessary party to the controversy between the defendant and his mother. The contention between them was whether the settlement and conveyance were fraudulent or voidable for want of the consent of the plaintiff. And the plaintiff, in her petition, offered to repay the defendant the consideration which he paid for the conveyance. Any question between the two brothers as to liability on the covenants of warranty, or for any other cause, was in no way connected with the controversy between the plaintiff and the defendant. This is so plain that it demands no further consideration.

II. The record is voluminous. The depositions which were taken in the suit which was settled were introduced in evidence on the hearing in this case. There is a dispute as to the correctness of appellant's abstract, and a demand that we shall resort to the original record. We have done so to some extent, but discovered that a full examination of the reporter's notes and the depositions of the witnesses was unnecessary. There is no real controversy between the parties as to the validity of the deed which the plaintiff made to C. J. Kinney. It was practically conceded that it was invalid. It was executed at a time when the

plaintiff did not have mental capacity to make a valid contract. The only real question of fact in the case is whether the settlement and conveyance made by C. J. Kinney to the defendant was made without the consent of the plaintiff. And here we may say that counsel for appellants appeared for plaintiff in the first case and for defendants in this, and counsel on the other side represented C. J. Kinney in the first case. There was no occasion to charge counsel for appellants with fraudulently conniving to cheat and wrong their clients. The evidence sustains no such charge. All of the parties appear to have been ashamed of the litigation by which the two brothers, wealthy farmers, were engaged in a controversy about the little property left to their mother, by which the poor old woman was first at the home of one son and then the other, until, just before the submission of the case to this court, she went down to her grave. At the time of that settlement counsel on both sides, as appears from the record, thought it was a case which ought to be settled. The mistake made in the settlement was in assuming that C. E. Kinney was authorized by his mother to make such a settlement as would divest her of the title to her "old home," as she named it. Without detailing the testimony of the witnesses, we find, upon a full examination, that we would not be justified in holding that she either authorized such a settlement or approved it after it was made. If the settlement was without her consent, she could avoid it without proof of actual fraud. Such a decree was within the allegations of the petition and the prayer for general relief. The decree made the amount paid out and expended by the defendant a lien upon the property, and required each party to pay one-half the costs. It appears to us that this effectuated a just and equitable result.

III. The defendant, by motion, suggested the death of the plaintiff, and requested that C. J. Kinney be substituted as plaintiff. The motion is overruled. The substitution could, in no event, change the result in this court. Now that the mother has been removed, we know of no reason why the brothers should not, in their own names, carry on their litigation, but it must be commenced in the district court. The decree of the district court is *affirmed*.